UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISMAEL A. REYES,

                Plaintiff,

-v.-

SMALL BUSINESS ADMINISTRATION; ISABEL GUZMAN, *in her official capacity as Administrator of the Small Business Administration*; JANET YELLEN, *in her official capacity as Secretary of the Treasury*; and THE UNITED STATES OF AMERICA,

                Defendants.

22 Civ. 6765 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Ismael Reyes, proceeding *pro se* and *in forma pauperis*, brings this action against Defendants the Small Business Administration (the "SBA" or the "Agency"); Isabel Guzman, in her official capacity as the Administrator of the SBA; Janet Yellen, in her official capacity as the Secretary of the Treasury; and the United States of America (collectively, "Defendants"), under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-596, seeking review of the SBA's decision to deny Plaintiff's application for a COVID-19 Economic Injury Disaster Loan ("EIDL") for his business. Plaintiff's application was made pursuant to a loan program created by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, §§ 1101-1114, 134 Stat. 286-313 (2020) (codified as amended at 15 U.S.C. §§ 9001-9013), in order to fund businesses affected by the pandemic, including targeted loans for businesses located in low-income communities. Plaintiff alleges that the SBA

acted in an arbitrary and capricious manner in processing, reviewing, and denying his EIDL application for his business and seeks declaratory and injunctive relief, including through issuance of a writ of mandamus, compelling Defendants to reinstate and re-process his EIDL application.

Before the Court is Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth herein, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted, and therefore grants Defendants' motion to dismiss on that basis.

## BACKGROUND[1]

### A.  Factual Background

Plaintiff, who identifies himself as a self-employed marketing consultant, maintains that as a direct result of the COVID-19 pandemic, his "business was negatively impacted and suffered substantial economic injury." (Compl. ¶ 10). To mitigate this impact and stabilize his business, Plaintiff applied for an EIDL on April 21, 2021. (*Id.*). Just under three months later, on June 6, 2021, the SBA denied Plaintiff's request, "because his business [was] not located in a low-income community." (*Id.* ¶ 11 (quoting *id.*, Ex. A (June 6, 2021 denial notice))). Plaintiff appealed the SBA's determination that same day, providing

---

[1]   This Opinion draws its facts primarily from Plaintiff's Complaint ("Compl." (Dkt. #2)), the well-pleaded allegations of which are taken as true for purposes of this motion, *see Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009), and the exhibits attached thereto ("Compl., Ex. [ ]").

   For ease of reference, the Court refers to Defendants' memorandum of law in support of their motion to dismiss as "Def. Br." (Dkt. #18); to Plaintiff's memorandum of law in opposition to Defendants' motion to dismiss as "Pl. Opp." (Dkt. #23); and to Defendants' reply memorandum of law as "Def. Reply" (Dkt. #24).

documentation showing his eligibility "because from February 1st, 2019 to June 30th, 2020[, Plaintiff's] business was in [what was] considered [a] low income community under the SBA guidelines." (*Id.*). "Since Plaintiff['s] business is home operated, Plaintiff submitted [his] apartment lease, utility bill, SBA low income community map, June 2019 bank statement, February 2020 bank statement[,] and June 2020 bank statement," as proof of eligibility. (*Id.*; *id.*, Ex. B (materials submitted with reconsideration request)).

Two weeks thereafter, on June 20, 2021, the SBA again denied Plaintiff's request, this time "due to Non Eligible Business Activity." (Compl. ¶ 12; *id.*, Ex. C (June 20, 2021 denial notice)). Undeterred, on June 23, 2021, Plaintiff again appealed, this time providing documentation showing his eligibility as a "Marketing Consultant," which employment he maintained was covered by the terms of the EIDL program and the CARES Act. (*Id.* ¶ 12). While the second reconsideration process was ongoing, Plaintiff informed the SBA on August 9, 2021, that his original 2019 federal tax return had "only included his wife's wages due to the death of his bookkeeper," and had not included any of his purported business income, and that he was in the process of filing an amended return with the IRS. (*Id.* ¶ 13). To supplement his application in the meantime, Plaintiff sent the SBA documents that included

> bank statements from January 2019 to July 2021, a copy of Plaintiff['s] current driver's license[,] a voided check from Plaintiff['s] bank account, a 2019 and 2020 Profit and Loss statement, Invoices from April 2019 and May 2020, [and] a business activity explanation statement, all to show Plaintiff['s] business was in operation prior to the [pandemic].

3

(*Id.* ¶ 14 (citing *id.*, Ex. E (Plaintiff's September 3, 2021 email to SBA), F (additional documents submitted to SBA))). Still, the SBA informed Plaintiff that in order to proceed with his loan application, he must provide his amended tax returns that were stamped by the IRS to indicate that the returns had been submitted and received. (*Id.* ¶ 15).

To that end, Plaintiff attended an appointment at the IRS on December 1, 2021, where he filed his 2019 and 2020 amended returns, which were then stamped by the IRS; Plaintiff then immediately provided these documents to the SBA. (Compl. ¶¶ 16, 18). On December 8, 2021, Plaintiff signed and filed an ODA Form P-022 with the SBA, in which form he certified that he was the owner of the business in question, and confirmed his application for a loan not to exceed $1,000,000. (*Id.* ¶ 19; *id.*, Ex. I (Form P-022)). On December 28, 2021, Plaintiff was informed by the SBA that due to a change in their policies, the Agency was not accepting stamped returns, and that Plaintiff would need to wait until the IRS actually processed Plaintiff's amended returns. (*Id.* ¶ 20). Plaintiff alleges that he was informed by an agent of the SBA that the reconsideration of his denial would be open for up to six months. (*Id.*).

In the meantime, on May 5, 2022, the SBA announced that it was discontinuing the EIDL program, and that all portals would close on May 16, 2022. (Compl. ¶ 21). Upon hearing that news, Plaintiff called the SBA and confirmed that his application was still being processed, as the Agency was waiting for the IRS transcripts of his tax returns. (*Id.* ¶ 22). On May 13, 2022, before the EIDL portal was closed, Plaintiff's returns were processed by the IRS,

4

and Plaintiff immediately submitted an IRS Form 4506-T, granting the SBA access to his tax transcripts. (*Id.* ¶ 23). On May 16, 2022, the SBA's EIDL portal showed that Plaintiff's application was still under reconsideration. (*Id.*). The SBA also confirmed to Plaintiff that it had received his Form 4506-T, but that pending reconsiderations might not be processed, as agents were waiting for guidance from the Agency. (*Id.* ¶ 24).

Hearing this news, Plaintiff immediately submitted an inquiry with the office of his Congressman, United States Representative Jamaal Bowman, whose office confirmed to Plaintiff that it had submitted an inquiry to the Agency on May 23, 2022. (Compl. ¶¶ 25-26 (citing *id.*, Ex. J (email exchange with Rep. Bowman's office))). On June 7, 2022, Plaintiff was contacted by the SBA, who informed him that his pending request for reconsideration had been denied when the Agency ended the program. (*Id.* ¶ 27). That same day, Plaintiff also received an email from Representative Bowman's office, which email forwarded correspondence between the SBA and Representative Bowman's office. (*Id.* ¶ 28). In that underlying correspondence, the SBA indicated that Plaintiff's amended application "was not accepted by the SBA for neither the EIDL [] program [n]or the Targeted Advance due to the IRS discrepancies." (*Id.* (citing *id.*, Ex. K (email correspondence with Rep. Bowman's office))). Furthermore, the SBA indicated that Plaintiff's "Decline for all applications under the program will remain as the SBA is no longer reviewing previously Declined applications for consideration." (*Id.*).

## B.   Procedural Background

Plaintiff initiated this case with the filing of a five-count complaint on August 8, 2022, alleging various claims against Defendants in connection with the denial of his EIDL application. (Dkt. #2 (Compl.)). Generously construed, Counts I, II, III, and IV of the Complaint present a challenge under the APA to the SBA's denial of Plaintiff's EIDL application; among other things, Plaintiff alleges that the CARES Act did not provide the SBA with the "discretion to [] deem classes of small business ineligible," and thus foreclosed the Agency's ability to issue him an interim denial for "Non-Eligible Business Activity." (*Id.* ¶ 31; *see id.* ¶¶ 30-63). Separately, Count V seeks a writ of mandamus "ordering the Defendants to administer and process Plaintiff's EIDL [] applications as required by the plain terms of the CARES Act." (*Id.* ¶ 69; *see id.* ¶¶ 64-69). Ultimately, Plaintiff seeks a declaratory judgment that the SBA's actions were arbitrary and capricious, and injunctive relief both requiring Defendants to "restore Plaintiff to [his] place in queue as of the time Plaintiff's application [was] denied for the EIDL," and preventing Defendants from dispensing $335,000 in funds to which Plaintiff claims entitlement upon approval of his application. (*Id.* ¶ D).

On March 14, 2023, Defendants filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss. (Dkt. #14). On March 23, 2023, Plaintiff filed his response in opposition to Defendants' anticipated motion. (Dkt. #16). The Court held a pre-motion conference on April 4, 2024, at which conference it set a briefing schedule for Defendants'

6

motion to dismiss. (*See* April 4, 2023 Minute Entry; Dkt. #21 (Transcript)). Pursuant to this schedule, Defendants filed their motion to dismiss on May 4, 2023. (Dkt. #17, 18). Plaintiff filed his response in opposition on June 15, 2023. (Dkt. #23). Defendants filed their reply in further support of their motion to dismiss on June 29, 2023. (Dkt. #24).

## DISCUSSION

### A.   Applicable Law

#### 1.   Motions to Dismiss Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may seek dismissal of a plaintiff's action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court must "draw all reasonable inferences in Plaintiff['s] favor, 'assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.'" *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)); *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is entitled to relief if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" (quoting *Twombly*, 550 U.S. at 570)). Moreover, "[w]here a complaint pleads facts that are 'merely consistent with' a

7

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang* v. *Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same). When a plaintiff proceeds *pro se*, however, the Court may also consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint." *Alsaifullah* v. *Furco*, No. 12 Civ. 2907 (ER), 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted).

## 2. Plaintiff's Status As a *Pro Se* Litigant

Plaintiff's *pro se* status is also relevant to the Court's standard of review. This is because "[a] *pro se* complaint, 'however inartfully pleaded,' is held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Mali* v. *Brit. Airways*, No. 17 Civ. 685 (KPF), 2018 WL 3329858, at *3 (S.D.N.Y. July 6, 2018) (alteration adopted) (quoting *Estelle* v. *Gamble*, 429 U.S. 97, 106 (1976)). Under this directive, the Court "must construe *pro se* pleadings broadly, and interpret them 'to raise the strongest arguments that they suggest.'" *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Graham* v. *Henderson*,

8

89 F.3d 75, 79 (2d Cir. 1996)); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even in the *pro se* context, however, a court is "not bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Rolon* v. *Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith* v. *Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)); *see also Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

### 3. Judicial Review Under the APA

Section 702 of the APA provides that "[a] person suffering legal wrong because of agency action ... is entitled to judicial review thereof." 5 U.S.C. § 702. A reviewing court "will uphold a decision by the [agency] if it is not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' ... or 'unsupported by substantial evidence.'" *Unified Turbines, Inc.* v. *U.S. Dep't of Labor*, 581 F. App'x 16, 17 (2d Cir. 2014) (summary order) (quoting 5 U.S.C. § 706). This standard is deferential and does not permit a court to "substitute its judgment for that of the agency." *Judulang* v. *Holder*, 565 U.S. 42, 53 (2011). The Court must "assess, among other matters, whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Bechtel* v. *Admin. Review Bd., U.S. Dep't of Labor*, 710 F.3d 443, 446 (2d Cir. 2013) (quoting *Judulang*, 565 U.S. at 53). Because Defendants' denial of Plaintiff's EIDL application was a "final agency action for which there is no other adequate remedy," this matter is ripe for judicial review. 5 U.S.C. § 704.

B.     Analysis

    1.     **As Plaintiff's Claims Are Ultimately Without Merit, the Court Declines to Address the Issue of Sovereign Immunity**

Defendants argue in the first instance that Plaintiff's requests for injunctive and mandamus relief, contained in Counts II and V of his Complaint, are barred by the doctrine of sovereign immunity as implicated by Section 634(b)(1) of the Small Business Act, which section provides that "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property." 15 U.S.C. § 634(b)(1). (*See* Def. Br. 10-15). On this topic, the Court's analysis is guided by the Second Circuit's recent decision holding that "the question of the SBA's sovereign immunity under Section 634(b)(1), related to the issue of the availability of injunctive relief, is not a threshold question [that a court] must decide before holding that [a plaintiff's] claim fails on the merits." *Springfield Hosp., Inc.* v. *Guzman*, 28 F.4th 403, 416 (2d Cir. 2022); *see also id.* (explaining the "distinct difference between jurisdictional questions of a statutory nature and jurisdictional questions of a constitutional nature"). Instead, *Springfield Hospital* instructs that "where, as here, the plaintiff[] seek[s] other forms of relief, such as … declaratory relief" that do not implicate more complicated questions of sovereign immunity, the Court may proceed to consider the merits. *Id.* at 417.[2]

---

[2]    The Court observes, without deciding, that a number of courts in other Circuits have found similar requests for injunctive relief as against the SBA to be barred by the doctrine of sovereign immunity. *See, e.g., Oyegbola* v. *Small Bus. Admin.*, No. 22 Civ. 10698 (AK), 2022 WL 2786916 (D. Mass. July 15, 2022); *Geisler* v. *Small Bus. Admin.*,

Because, as set forth below, this Court concludes that Plaintiff's claims fail on their merits, it "decline[s] to address whether the SBA has sovereign immunity from injunctive relief under Section 634(b)(1)." *Springfield Hosp.*, 28 F.4th at 415; *see also Ivanishvili* v. *U.S. Dep't of Just.*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) ("[The Court's] assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit.").

### 2. Plaintiff Has Not Plausibly Alleged That the SBA Abused Its Discretion in Denying His Application

The substance of Plaintiff's Complaint lies in Counts I, III, and IV, which counts can be interpreted as a challenge under the APA to the SBA's denial of Plaintiff's EIDL application. In particular, Plaintiff alleges that the CARES Act did not provide the SBA with the "discretion to [] deem classes of small business ineligible" for an EIDL and therefore that the SBA lacked the ability to issue Plaintiff an interim denial for "Non-Eligible Business Activity." (Compl. ¶ 31). Plaintiff's claims fail for two primary reasons. *First*, Plaintiff has not plausibly alleged that the SBA abused its discretion by denying Plaintiff's EIDL

---

No. 21 Civ. 1692 (CCW), 2022 WL 1002766 (W.D. Pa. Apr. 4, 2022); *AARK Rest. Grp. LLC* v. *Small Bus. Admin.*, No. 22 Civ. 1433 (PSD), 2022 WL 1265531 (E.D. Pa. Apr. 28, 2022). That said, Defendants acknowledge that the scope of the sovereign immunity provided by the Small Business Act is an unsettled question, including within the Second Circuit. (Def. Br. 10-12). Moreover, the Second Circuit itself, in *Springfield Hospital*, expressly declined to address the complex sovereign immunity issue presented by the Small Business Act, reasoning in part that where "the jurisdictional issue is complex and the merits are straightforward," a resolution on the merits is appropriate. *Springfield Hosp., Inc.* v. *Guzman*, 28 F.4th 403, 416 (2d Cir. 2022). The Court follows suit here, given that Plaintiff's claims lend themselves to straightforward resolution, as discussed above.

11

application based on an improper interpretation of the CARES Act.  *Second*, Plaintiff cannot otherwise establish that the SBA's decision to deny his application was anything other than an unreviewable exercise of discretion.

As a threshold matter, the APA does not permit a review of agency actions that are "committed to agency discretion by law."  5 U.S.C. § 701(a)(2); *see Weyerhaeuser Co.* v. *U.S. Fish & Wildlife Serv.*, 586 U.S. —, 139 S. Ct. 361, 370 (2018).  This exception applies "where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."  *Weyerhaeuser*, 129 S. Ct. at 370 (citation omitted).

Construing his arguments liberally, the Court understands Plaintiff to contend that this exception does *not* apply, inasmuch as the standard for eligibility set by the CARES Act is sufficiently specific as to cabin the SBA's discretion and provide a basis for judicial review.  While this might be true in the abstract, in this case Plaintiff has failed to plausibly allege that the SBA's decision in denying his EIDL application was in fact an abuse of discretion — as, for example, a denial due to the Agency's impermissible interpretation of the eligibility criteria of the CARES Act.  Indeed, such a conclusion is borne out by the actual correspondence from the SBA, as appended to the Complaint.

The Agency's June 20, 2021 notice of denial of Plaintiff's application recites that the denial was due to Plaintiff's insufficient documentation to support the finding that he actually engaged in an eligible business activity.  (Compl., Ex. C (informing Plaintiff that "[t]he information [he] submitted with

12

[his] application [did] not meet SBA regulations for an eligible business activity")). Such a finding is unsurprising, as at that point Plaintiff had only submitted documentation, including his residential lease, utility bill, and bank statements, in an effort to prove that he resided in the Bronx, and therefore within a qualifying low-income community. (*Id.*, Ex. B). Indeed, there is no indication that, at that time, Plaintiff had provided the Agency with any documentation that he engaged in eligible business activities, beyond his identification of an allegedly covered NAICS Code. (*Id.* ¶ 12 ("Plaintiff appealed the decision because under the term of the EIDL and CARES Act, Marketing Consultant (NAICS code 541611) is an eligible business activity.")). *See 2017 North American Industry Classification System*, United States Census Bureau (listing NAICS code 541611 as corresponding to a provider of "Administrative Management and General Management Consulting Services"), available at https://www.census.gov/naics/?input=541611&year=2022&details=541611 [https://perma.cc/RB8B-K7QD]. And the Agency's subsequent June 2022 written denial of Plaintiff's revised submission was due to "IRS discrepancies" (Compl. ¶ 28 (citing *id.*, Ex. K)), arising out of Plaintiff's attempts to amend his 2019 and 2020 tax returns to reflect business income that he had allegedly earned, but had not previously disclosed due to the unfortunate "death of his bookkeeper" (*id.* ¶ 13).

Put simply, nowhere has Plaintiff identified in either denial any basis to believe that the SBA misapprehended its authority, such as by concluding mistakenly that Marketing Consultants were categorically excluded from the

13

scope of the CARES Act. Rather, the correspondence indicates that the Agency denied Plaintiff's application due to inconsistencies in his documentation that belied any finding that Plaintiff actually engaged in any covered business activity. Indeed, the SBA's denial of Plaintiff's application was consistent with the plain text of the CARES Act, as amended, which provides that the SBA "may use information from the [IRS] to confirm that (A) an applicant is eligible to receive such a loan; or (B) the *information contained in an application for such a loan is accurate.*" 15 U.S.C. § 9009(d)(2) (emphasis added). Plaintiff, therefore, cannot establish how the SBA abused its discretion in its application of the CARES Act in its review of his submission.

  Plaintiff is likewise unavailing in his broader position that the SBA abused its discretion by declining to grant Plaintiff's application notwithstanding that his application might have facially satisfied the criteria of the CARES Act. Plaintiff's argument incorrectly attempts to characterize those elements necessary for an application to be considered as also being sufficient for the application to be granted. Yet nowhere in either the relevant provision of the CARES Act or the broader Small Business Act is there any provision that mandates the SBA's award of an EIDL or other grant upon the submission of a facially-valid application. Rather, the Small Business Act authorizes the SBA to make loans as it "*may* determine to be necessary or appropriate," 15 U.S.C. § 636(b)(2) (emphasis added), and the CARES Act similarly provides that the SBA, when evaluating an application for an EIDL, "*may* use information from

14

the [IRS] to confirm" an applicant's eligibility for such a loan, 15 U.S.C. § 9009(d)(2) (emphasis added).

Such plain statutory language places the evaluation of EIDL applications and the associated allocation of EIDL funds squarely within the scope of discretionary decisions that are unreviewable under the APA. *See* 5 U.S.C. § 701(a)(2) (precluding judicial review of agency actions "committed to agency discretion by law"). Indeed, "the word 'may' clearly connotes discretion," *Biden* v. *Texas*, 597 U.S. 785, 802 (2022), and SBA's allocation of lump-sum appropriations is typically considered a discretionary act, *see Lincoln* v. *Vigil*, 508 U.S. 182, 192 (1993) ("The allocation of funds from a lump-sum appropriation is another administrative decision traditionally regarded as committed to agency discretion."). *See also Weyerhaeuser*, 129 S. Ct. at 370 (explaining that the "few cases in which [the Supreme Court has] applied the § 701(a)(2) exception involved agency decisions that courts have traditionally regarded as unreviewable, such as the allocation of funds from a lump-sum appropriation"); *Copake Lake Dev. Corp.* v. *Small Bus. Admin.*, 490 F. Supp. 386, 389 (E.D.N.Y. 1980) ("[T]he decision concerning the granting of a loan by the SBA is one firmly committed to agency discretion, and other courts that have considered the question are uniformly in agreement on this point.").

In reaching its decision, this Court agrees with those courts in this District and elsewhere that have examined the SBA's decisions concerning EIDLs and concluded that such actions were committed to agency discretion by law and therefore unreviewable. *See, e.g.*, *Hyndman* v. *Small Bus. Admin.*, No.

15

22 Civ. 4973 (PMH), 2024 WL 233463, at *5 (S.D.N.Y. Jan. 22, 2024) (finding that SBA's decision to deny plaintiff's EIDL application was "committed to agency discretion by law"); *Shumaker* v. *Guzman*, No. 21 Civ. 477 (RC), 2022 WL 2902843, at *7 (S.D. Tex. Apr. 4, 2022) (similar); *Brennan* v. *United States*, No. 20 Civ. 505 (KGB), 2020 WL 3980001, at *9 (E.D. Ark. July 14, 2020) ("[T]he CARES Act vests the Administrator with discretion."); *LIT Ventures, LLC* v. *Carranza*, 457 F. Supp. 3d 906, 910 (D. Nev. 2020) ("Congress therefore granted the SBA discretion to determine what EIDLs were 'necessary and appropriate.'"); *see also Keita* v. *Small Bus. Admin.*, No. 07 Civ. 4958 (ENV) (LB), 2010 WL 395980, at *3 (E.D.N.Y. Feb. 3, 2010) ("Here, the Court lacks guidance to adjudge the SBA's exercise of its discretion because [plaintiff] seeks review of the individual economic judgments that comprised the SBA's decision that his loans were not 'necessary or appropriate.'").  Accordingly, Plaintiff has failed to state a claim under the APA.

### 3. Plaintiff's Remaining Claims Must Also Be Dismissed

Because Plaintiff has not established that the SBA acted unlawfully in denying his EIDL application and requests for reconsideration, he also cannot demonstrate any entitlement to mandamus relief.  *See generally Springfield Hosp.*, 28 F.4th at 412 n.8 (discussing request for writ of mandamus in addition to injunctive relief, both of which were denied).  Nor has Plaintiff pleaded allegations sufficient to support any claim against the Secretary of the Treasury.  *See Gomez* v. *Cnty. of Westchester*, 649 F. App'x 93, 96 (2d Cir. 2016) (summary order) (affirming dismissal of *pro se* plaintiff's complaint where

"[plaintiff] failed to provide any factual allegations to plausibly support" his claim); *cf. Burke* v. *Verizon Commc'ns, Inc.*, No. 18 Civ. 4496 (PGG) (GWG), 2020 WL 4741043, at *4 (S.D.N.Y. Aug. 17, 2020) (dismissing *pro se* plaintiff's claims against the New York Attorney General, where plaintiff's complaint was "devoid of any factual allegations against the [Attorney General] whatsoever, and thus fail[ed] to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)" (citing *Hill* v. *Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)), *report and recommendation adopted*, No. 18 Civ. 4496 (PGG) (GWG), 2020 WL 6538748 (S.D.N.Y. Nov. 6, 2020).

### 4. The Court Will Not *Sua Sponte* Grant Plaintiff Leave to Amend

Plaintiff declined the opportunity to file an amended complaint before Defendants' motion to dismiss was filed, and has not included a request for an opportunity to amend in his opposition papers. (*See* Dkt. #21 at 4 (Plaintiff: "I'd like to continue with what I have, yes, your Honor."); *see generally* Pl. Opp.). Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also McCarthy* v. *Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). That said, it remains "within the sound discretion of the district court to grant or deny leave to amend." *Broidy Cap. Mgmt. LLC* v. *Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks and citation omitted). Leave may be denied, for instance, where the proposed amendment would be futile. *See Olson* v. *Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).

The Court finds that amendment here would be futile.  Although "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once[,]" *Nielsen* v. *Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted), there is no suggestion in any of Plaintiff's submissions in this case that he could amend his allegations to address Defendants' arguments for dismissal.  *See Cuoco* v. *Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming denial of leave to amend on futility grounds where *pro se* plaintiff "suggested no new material she wishes to plead").  Accordingly, the Court will not *sua sponte* grant Plaintiff leave to amend his pleadings.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is hereby GRANTED.  The Clerk of Court is directed to terminate all pending motions, including the pending motion at docket entry 17, adjourn all remaining dates, and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 19, 2024
             New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge